

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EMR:RAS
F. #2024R00259

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 13, 2024

<u>By Email and ECF</u>

The Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Blake Cherry
       <u>Docket No. 24-MJ-369 (JRC)</u>

Dear Judge Cho:

  The government respectfully submits this letter to request that a permanent order of detention be entered against the defendant Blake Cherry. For the reasons set forth below, the government submits that no combination of conditions can reasonably secure the defendant's appearance at trial or the safety of the community. Moreover, given the nature of the crime charged, there is a statutory presumption of detention in this case.

I.  Procedural and Factual Background

  The defendant is a registered level three sex offender who was just released in October 2023 after serving a lengthy prison sentence in connection with his March 7, 2018 conviction for sex trafficking a fourteen-year-old minor victim. Despite this history, the defendant is yet again charged with engaging in sexual violence against women.

  As set forth in the Complaint, in May 2024 the defendant held Jane Doe against her will for days and forced her to engage in sex with strangers in exchange for money. He used physical and sexual violence on her, including striking her in the face, resulting in a visible wound.

  On May 8, 2024, New York City Police Department officers arrested the defendant in connection with his unlawful imprisonment of Jane Doe. On May 9, 2024, the defendant was arraigned in Kings County Supreme Court and remanded into custody. On May

11, 2024, the Honorable Vera M. Scanlon, United States Magistrate Judge, signed a federal arrest warrant and complaint, charging the defendant with sex trafficking Jane Doe, in violation of Title 18, United States Code, Section 1591(b)(1). The defendant was arrested earlier today.

II.     The Court Should Enter A Permanent Order of Detention

   A.   Legal Standard

Under the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that "no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  18 U.S.C. § 3142(e). A rebuttable presumption of dangerousness and risk of flight arises when a defendant is charged with a violation of § 1591(b)(1).  18 U.S.C. § 3142(e)(3)(D). The presumption means that the Court must initially assume there is "no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id.  To rebut this statutory presumption, the defendant must come "forward with evidence that he does not pose a danger to the community or a risk of flight." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam). If this limited burden of production is satisfied, the government retains the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of evidence that the defendant presents a risk of flight.  Id.

To determine whether the presumptions of dangerousness and flight are rebutted by a defendant, the Court must consider: (1) the nature and circumstances of the crime charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history and past conduct; and (4) the nature and seriousness of the danger to the community or to an individual that would be posed by release.  See 18 U.S.C. § 3142(g). Once a defendant has met his burden of production relating to dangerousness and risk of flight, the presumption in favor of detention does not disappear but remains a factor for the court to consider. Mercedes, 254 F.3d at 436.

   B.   Analysis

As noted above, there is a presumption that there are no conditions of release that would reasonably assure the defendant's appearance and the safety of the community. See 18 U.S.C. § 3142(e)(3)(D)); see, e.g., United States v. Andrews, No. 19-CR-131 (PAE), 2020 WL 3182911, at *1 (S.D.N.Y. June 15, 2020) (presumption applies in all § 1591 cases). The defendant cannot rebut that presumption, regardless of any bail package that may be proposed, because the relevant considerations under the Bail Reform Act clearly support a finding of dangerousness and risk of flight.

Each of the four factors outlined in the Bail Reform Act weighs strongly in favor of the defendant's detention. First, there can be no dispute that the charged offense and

2

underlying conduct is serious.  As set forth above, the defendant engaged in sex trafficking using force, fraud and coercion within months of his release from a custodial sentence for sex trafficking a minor.  The defendant beat and threatened Jane Doe to force her to engage in prostitution on his behalf.

Second, the evidence of the defendant's guilt is strong.  The government's evidence includes testimony, photographs, phone records, and police records, among other evidence.

Third, the defendant's history and characteristics demonstrate that he is a danger to the community.  The defendant, who is a level three sex offender, is presently on probation in connection with his 2018 sex trafficking conviction involving a minor victim.  He was released from custody a mere seven months ago, on October 16, 2023.  Upon his release, the defendant immediately engaged in the very same conduct that resulted in his prior term of incarceration despite being monitored as a probationer and registered sex offender.  The foregoing demonstrates that the defendant's release would jeopardize not only the safety of the identified victim but also other women and girls in the New York City region.

Finally, the defendant poses a serious risk of flight given the significant jail time he faces upon conviction and the strength of the evidence against him.  See United States v. Millan, 4 F.3d 1038, 1046 (2d Cir. 1993) (strength of case creates incentive to flee); United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987) (prospect of severe sentence creates incentive to flee).  The defendant faces a mandatory minimum sentence of 15 years and a possibility of life in prison and is thus highly motivated to flee the jurisdiction.

III.    Conclusion

For the foregoing reasons, the government respectfully requests that the Court issue a permanent order of detention.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
Rachel A. Shanies
Assistant U.S. Attorney
(718) 254-6140

cc:    Counsel for the Defendant (by E-mail and ECF)